IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–01304–MDB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT TYE COURNOYER,
GREEN EQUITY GROUP, LLC, and
RS GROUP HOLDINGS, LLC,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion for Alternative Means of Service of Process as to Defendants Robert Tye Cournoyer and Green Equity Group, LLC and Extension of Time for Service of Process. (["Motion for Alternative Service" or "Motion"], Doc. No. 22.) After careful review, the Court **ORDERS** that the Motion be **GRANTED**.

### BACKGROUND

Plaintiff Securities and Exchange Commission ("SEC") initiated this action on May 10, 2024, alleging Defendant Cournoyer—the sole manager of Defendants Green Equity Group and RS Group Holdings—misappropriated at least $755,000 in investor funds. (*See generally* Doc. No. 1.) Plaintiff has been attempting to serve Defendants Cournoyer and Green Equity Group for

nearly fifteen months, to no avail.[1] During this time, the Court has granted Plaintiff several extensions of time, as well as leave to conduct limited discovery in aid of service. (*See* Docs. No. 12; 16; 18; 21.)

Plaintiff now seeks leave to serve Defendants by the following alternative means: (1) substituted service on Defendant Cournoyer's daughter, Kylie Cournoyer; (2) email; and (3) publication. (*See generally* Doc. No. 22.) Plaintiff brings its Motion under both Colorado and Texas law.[2] (*See id.*) Plaintiff also requests a 45-day extension of time to complete alternative service.[3]

## ANALYSIS

### I.     Substituted service on Kylie Cournoyer is appropriate under Colorado law.

Colorado law expresses a preference for personal service, (*see* C.R.C.P. 4(e)), but allows for substitute service where (i) the party attempting service of process under section (e) is unable

---

[1] Defendant RS Group was served on May 16, 2024, and default was entered against it on July 10, 2024. (*See* Docs. No. 5; 10.)

[2] Specifically, Plaintiff seeks service on Kylie Cournoyer pursuant to Colorado law, and service via email and publication pursuant to Texas law. (Doc. No. 22 at 5.) The Federal Rules provide that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state *where the district court is located or where service is made*." Fed. R. Civ. P. 4(e)(1) (emphasis added). Plaintiff argues that here, service may be effected under either Colorado law (the forum state) or Texas law (where Defendant Cournoyer is believed to be currently located). (Doc. No. 22 at 5.) The Court agrees and considers whether alternative service is appropriate under Colorado and/or Texas law. *See, e.g., Contrada, Inc. v. Parsley*, No. 10-cv-00646-WYD, 2010 WL 2943428, at *2 (D. Colo. July 21, 2010) (considering whether substituted service was permitted under Colorado and Texas law); *Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1005 (N.D. Iowa 2003) (noting Rule 4(e)(1) "makes the state law of *either* of two jurisdictions equally applicable.").

[3] Recognizing that the deadline for service was August 4, 2025, the Court granted Plaintiff relief from the service deadline while it considers Plaintiff's request for alternative means of service. (*See* Doc. No. 24.)

to accomplish service, and (ii) service by publication or email is not otherwise permitted under section (g).[4] *See* C.R.C.P. 4(f). In such instances,

> the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

*Id*. If the court is satisfied that (i) the party has used due diligence to attempt personal service; (ii) further attempts to obtain service would prove fruitless; and (iii) service on the substituted person is appropriate under the circumstances and reasonably calculated to give actual notice to the defendant, it shall:

> (1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.

*Id*.

Here, Plaintiff has set forth in detail the efforts it has taken to personally serve Defendant Cournoyer over the last few months, including deposing Defendant's partner and children; issuing subpoenas for credit card information; calling and emailing Defendant; and conducting skip-tracing. (*See* Doc. No. 22 at 3-5.) This is in addition to the significant efforts Plaintiff has made since the beginning of this case. (*See generally* Docs. No. 12; 16; 18; 21.) Indeed, there is strong evidence that Defendant Cournoyer may be evading service. (*See, e.g.*, ["Tyler Cournoyer Deposition"], Doc. No. 22-24 at 11:7-8 ("He knows that you guys are looking for him, so he's

---

[4] Plaintiff correctly notes that service by publication or mail is not permitted under Colorado law here, as this case does not involve property. (Doc. No. 22 at 8; *see also* C.R.C.P. 4(g).)

probably trying to throw it off."); ["Kylie Cournoyer Deposition"], Doc. No. 22-15 at 34:17-20

(Kylie noting she talked to Defendant about the lawsuit before her deposition).)

The Court is therefore satisfied that Plaintiff has demonstrated due diligence in

attempting to effect personal service, and that further attempts at personal service would be

futile.

The Court also finds Kylie Cournoyer to be an appropriate recipient for substitute service.

Courts in this District have allowed service on relatives of a defendant. *See, e.g., BMO Harris*

*Bank N.A. v. Marjanovic*, No. 19-cv-02945-CMA-KMT, 2020 WL 4705294, at *2 (D. Colo.

Aug. 13, 2020); *Am. Produce, LLC v. Vargas*, No. 11-cv-02919-PAB-MEH, 2012 WL 1340121,

at *3 (D. Colo. Apr. 17, 2012). Moreover, Plaintiff has provided evidence that Kylie has been in

contact with Defendant Cournoyer—including before and after her deposition. (*See* Doc. No. 22

at 9; *see also* Doc. No. 22-15 at 34:17-20.)

Based on these facts, the Court finds that service on Kylie Cournoyer is appropriate and

reasonably calculated to give actual notice to Defendant Cournoyer.

## II.     Service by email and publication is appropriate under Texas Law.

### A. Service by Email

Texas law permits service by personal service or certified mail. *See* Tex. R. Civ. P.

106(a). If service under section (a) is unsuccessful, the court may allow the plaintiff to serve the

defendant "in any other manner, including electronically by social media, email, or other

technology" if doing so "will be reasonably effective to give the defendant notice of the suit."

Tex. R. Civ. P. 106(b)(2). The court may only authorize such an alternative method of service, if

the plaintiff provides a sworn statement that both lists a location where the defendant can be

4

found and states that the plaintiff has attempted to complete service under section (a) at such location. Tex. R. Civ. P. 106(b).

As previously noted, the Court is satisfied that Plaintiff has made sufficient attempts to personally serve Defendant Cournoyer at a physical location. Moreover, the Court finds that serving Defendant by email will be reasonably effective to give him notice of the suit. Defendant's partner and children confirmed that the email address identified (robcournoyer@gmail.com) is indeed Defendant's current email address. (*See* Doc. No. 22-7 at ¶ 7; Doc. No. 22-14 at 20:20-25; Doc. No. 22-15 at 13:21-22.) And though Defendant has not responded to any emails sent to that address, Plaintiff has received confirmation that the emails were delivered. (*See* Doc. No. 22-12 at ¶ 8.) Accordingly, the Court finds service by email to be appropriate.

## B.  Service by Publication

Tex. R. Civ. P. 109 permits service of process by publication if a plaintiff provides, by affidavit, that: (1) either the defendant is a "transient person" or the affiant does not know the defendant's residence; (2) either the defendant is absent from or a nonresident of Texas or, after due diligence, the affiant has been unable to locate the defendant's whereabouts; and (3) for service in another state, the party seeking service by publication "has attempted to obtain personal service of nonresident notice as provided for in [Texas Rule of Civil Procedure] 108, but has been unable to do so."

Plaintiff has satisfied this requirement. (*See* Doc. No. 22-12 at ¶ 11.) Plaintiff's process server, Cavalier, has attested to the fact that it cannot locate Defendant Cournoyer. (*See generally* Docs. No. 11; 14; 17.) Moreover, Defendant's partner and children testified that they

are unaware of where Defendant is currently located, outside of indicating he is in either Texas or Florida. (*See* Doc. No. 22-7 at ¶¶ 4-.6; Doc. No. 22-14 at 26:17-18; Doc. No. 22-15 at 27:6-24.) Based on these facts, the Court agrees that publication in the Dallas Morning News and the Miami Herald is reasonably calculated to give Defendant Cournoyer notice of this action. (*See* Doc. No. 22 at 14-15 (outlining Defendant's connections to Dallas and Miami).)

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff's Motion for Alternative Service (Doc. No. 22) be **GRANTED**. Plaintiff is granted leave to serve Defendants by (1) personally serving Kylie Cournoyer; (2) emailing the Complaint and Summons to robcournoyer@gmail.com; and (3) publication in the Dallas Morning News and Miami Herald. The deadline for Plaintiff to serve Defendants is extended to September 18, 2025.

Dated this 19th day of August, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge